**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE INTERSTATE** |
| | ) | **AGREEMENT ON DETAINERS ACT** |
| vs. | ) | |
| | ) | |
| Dale Adrian Sherman, | ) | Case No. 4:06-cr-040 |
| | ) | |
| Defendant. | ) | |

On June 14, 2006, the defendant appeared for his initial appearance and arraignment. Appearing on behalf of the United States was Attorney Paul Emerson. Appearing for the defendant was his court-appointed counsel, Federal Public Defender William Schmidt.

Prior to his initial appearance, defendant was incarcerated by the State of North Dakota at the North Dakota State Penitentiary in Bismarck, North Dakota. After the indictment in this case was returned and an arrest warrant issued, a detainer was filed by the United States with the North Dakota prison officials. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), the defendant's appearance before this court for his initial appearance and arraignment was secured by a writ of habeas corpus *ad prosequendum*.

During the hearing, the defendant's rights under the IADA to continued federal custody until the charges set forth in the indictment are adjudicated were explained to him. The defendant orally waived the anti-shuttling provisions of the IADA and agreed to his continued housing by the State of North Dakota (the "sending state" under the IADA) at the North Dakota State Penitentiary pending trial of the charges on the Indictment by the United States (the "receiving state" under the IADA). The United States concurred.

1

The court accepts that the defendant's waiver of the IADA's anti-shuttling provisions, finding that it was made knowingly, voluntarily, and upon advice of counsel. Based on the foregoing agreement of the defendant and the United States and defendant's wavier of the anti-shuttling provisions of the IADA, **IT IS HEREBY ORDERED** that defendant be housed in the "sending state" under the IADA, at the North Dakota State Penitentiary in Bismarck, North Dakota, pending trial of this matter or until further order of the court. Further, pursuant to defendant's waiver and agreement, the return of defendant to his place of incarceration pending trial shall <u>not</u> be grounds under the IADA for dismissal of the charges set forth in the Indictment.

Dated this 14th day of June, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge